IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THE ESTATE OF ANTHONY MOURADIAN,

                              Plaintiff,

  v.                                                    OPINION and ORDER

JACKSON COUNTY, *et al.*,                          23-cv-167-wmc

                              Defendants.

---

The estate of Anthony Mouradian is suing Jackson County and related actors for failing to provide Mouradian proper medical and psychological care, treatment, and assistance while he was in their custody. Dkt. 26 at 1. Defendants moved for summary judgment, Dkt. 63, and now two defendants move to stay participation in the case pending ruling on that motion for summary judgment. For the reasons stated in this opinion, the motion is DENIED.

BACKGROUND

In May 2019, Anthony Mouradian committed suicide while in the Jackson County Jail after being placed on suicide watch and receiving treatment for mental health issues, including psychiatric hospital commitments. Dkt. 26 at 1, 12. Defendants moved for summary judgment, Dkt. 63, and, on the same day, two defendants, Patricia Jacobson and Footprints in Time Midwifery Services, LLC, filed this motion to stay involvement pending a ruling on that motion.

ANALYSIS

The court has the power to stay cases before it incidental to its inherent power to control its docket. *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010). That power, however, is not boundless. The decision requires balancing the interests favoring a stay against interests frustrated by the action, while keeping in mind the court's duty to exercise jurisdiction in a timely manner. *Id.* To that end, courts consider four factors when deciding whether to stay an action:

> (1) whether the litigation is at an early stage, (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (3) whether a stay will simplify the issues in question and streamline the trial, and (4) whether a stay will reduce the burden of litigation on the parties and on the court.

*Id.* (citations omitted).

Here, defendants argue a stay pending resolution of their motion for summary judgment is warranted because they are incurring their own legal fees in defending this case and plan to move for attorneys' fees from plaintiff, so all parties would benefit from suspending the action to lower the costs. Dkt. 72 at 1–2. Plaintiffs respond that merely moving for summary judgment does not entitle a party to a stay, and that none of the four factors the court considers counsel in favor of granting a stay considering the current case schedule. Dkt. 79 at 3.

A stay is currently inappropriate. First, this case is well beyond its early stages having been filed nearly two years ago in March 2023. Second, a stay would prejudice and disadvantage plaintiffs by unfairly disrupting already-scheduled depositions, Dkt. 80-1, and by suspending defendants' obligation to meet fast-approaching deadlines for expert disclosures, Dkt. 62, while leaving plaintiff's intact. Moreover, the parties agreed to let discovery continue after the dispositive motions were due. Dkt. 61 at 1. Third, defendants argue a stay pending summary judgment would streamline the case in the event summary judgment is granted, but

2

whether it will be is too speculative at this juncture. And finally, though some costs may be saved in the short term, the foreseeable risk of having to extend the current discovery cutoff to make up for the temporary stay of discovery renders this fourth factor a zero-sum proposition.

Because defendants have failed to meet their burden of proof on any of the four factors, and to ensure this case keeps pace with its schedule, the court DENIES defendants motion to stay. The case shall proceed in accordance with the schedule currently ordered.

ORDER

Entered December 5, 2024.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge