UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| THE ESTATE OF ANTHONY MOURADIAN<br>by Melissa Mouradian, Special Administrator,<br><br>Plaintiff,<br><br>v.<br><br>JACKSON COUNTY, et. al.,<br><br>Defendants. | Case No.: 23-CV-0167 |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' FOOTPRINTS IN TIME AND PATRICIA JACOBSON MOTION FOR SANCTIONS PURSUANT TO 28 USC § 1927 (ECF NO. 163) AND PLAINTIFF'S CROSS MOTION FOR SANCTIONS PURSUANT TO 28 USC § 1927**

The Estate of Anthony Mouradian, through its counsel, Cade Law Group LLC, files its Brief in Opposition to Defendants Footprint in Time Midwifery Services, LLC, and Patricia Jacobson's Motion for Sanctions pursuant to 28 USC § 1927 (ECF No. 163). Because Defendants failed to meet their high burden, this Court should deny Defendants' motion.

Plaintiff also moves this Court for an Order imposing sanctions on Attorney Poje pursuant to 28 USC § 1927 or pursuant to this Court's inherent authority.

**INTRODUCTION**

On September 23, 2020, Attorney Cade submitted an open records request regarding Mouradian's death. ECF No. 160, at p. 12. Around October 1, 2020, a response was mailed to Cade Law Group, at its PO Box. *Id*. The Court concluded that within those documents, Jacobson was mentioned 64 times, however, it did not find that Footprints was mentioned in those documents. *Id*., at 13. Attorney Cade filed the initial complaint

against the County Defendants and Hakes on March 15, 2023. *Id*. Following Jackson County's and Hakes' depositions, the Estate inquired into Footprints' contract with the County. *Id*. On November 10, 2023, an amended complaint was filed that added Jacobson and Footprints. *Id*.

Defendants moved to dismiss the amended complaint based on the statute of limitations. ECF Nos. 34-35. After reviewing the documents available, Attorney Bedder filed Plaintiff's brief in opposition and made a declaration outlining when certain documents were received by the Estate's counsel. *See* ECF No. 41 (Declaration of Madison Bedder dated January 10, 2024); *see also* ECF No. 163, at p. 2 ("[Plaintiff's brief in opposition to the motion to dismiss] was supported by the declaration of Madison Bedder that outlined the discovery history among Plaintiff and the co-defendants. Dkt. 41."). Attorney Bedder did not intentionally omit the October 2020 open record documents; her January 2024 declaration was based on the documents that were available to her at that time. *Declaration of Madison Bedder dated July 14, 2025* ("Bedder July 14 Decl."), at ¶¶ 2-9; ECF No. 41, at ¶ 12. And at that time, the open record documents were not uploaded to the firm's document platform, depriving Attorney Bedder of personal knowledge of them. *Id*.

During summary judgment briefing, immediately after being presented with the October 2020 open record documents, Attorney Bedder stated she was unaware of them at the time she responded to the motion to dismiss. ECF No. 86, at ¶ 11. Moreover, Attorney Bedder's January 2024 declaration accurately laid out the discovery progress of the case—she just did not have knowledge of the October 2020 open records request at that time, which was not due to her own error. *Bedder July 14 Decl.*, at ¶¶ 1, 9.

2

This Court dismissed Jacobson and Footprints and granted their summary judgment motion on the grounds that the statute of limitations expired on June 10, 2025. ECF No. 160. Subsequently, Defendants Jacobson and Footprints moved for sanctions pursuant to § 1927 against Attorney Bedder and Attorney Cade. ECF No. 163. Defendants allege a sanction of personal liability for $54,808.95 against Attorney Bedder and Attorney Cade for Jacobson and Footprints' attorney's fees is warranted. *Id*. For the reasons stated herein, this Court should deny their motion.

**ARGUMENT**

I. **Defendants failed to meet their burden because Attorney Bedder and Attorney Cade's conduct does not rise to sanctionable conduct under § 1927.**

The Seventh Circuit has explained that sanctions pursuant to § 1927 are "punitive and thus must be construed strictly." *Feehan v. Wisconsin Elections Comm'n,* No. 20-CV-1771-PP, 2022 WL 3647882, at *7 (E.D. Wis. Aug. 24, 2022), *aff'd sub nom. Feehan v. Evers*, No. 22-2704, 2023 WL 4928520 (7th Cir. Aug. 2, 2023), quoting *Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 226 (7th Cir. 1984). The Seventh Circuit "has emphasized that its purpose is 'to penalize attorneys who engage in dilatory conduct,' and a 'court may impose section 1927 fees only to sanction needless delay by counsel.'" *Id*. "[S]ome degree of culpability on the part of counsel is required." *Feehan*, 2023 WL 4928520, at *7 citing *Knorr*, 738 F.2d at 227 (citations omitted). The Seventh Circuit has "upheld sanctions under 28 U.S.C. § 1927 when counsel acted unreasonably and with a 'serious and studied disregard for the orderly process of justice." *Cooper v. Retrieval-Masters Creditors Bureau, Inc*., 42 F.4th 688, 695 (7th Cir. 2022) (internal citations omitted).

Under 28 USC § 1927,

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"A close reading of this statute reveals that the rule envisions a sanction against an attorney only when that attorney both (1) multiplies the proceedings, and (2) does so in a vexatious and unreasonable fashion." *Overnite Transp. Co. v. Chicago Indus. Tire Co.*, 697 F.2d 789, 794 (7th Cir. 1983).

Sanctions under § 1927 "is permissive, not mandatory," and a court "is not obliged to grant sanctions" even if it "has found unreasonable and vexatious conduct." *Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1014 (7th Cir. 2004). Because sanctions under § 1927 are to be paid by the lawyer, who must "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred. . ." *Est. of Perry v. Wenzel,* 872 F.3d 439, 463 (7th Cir. 2017), sanctions under § 1927 are justified only for conduct that shows a "callous disregard for governing law or the procedures of the court," or "serious and studied disregard for the orderly process of justice," *Cooper*, 42 F.4th at 698 (internal citations omitted).

### a. Defendants failed to show that Attorney Bedder and Attorney Cade engaged in conduct that shows a "serious and studied disregard for the orderly process of justice" or a "callous disregard for governing law or the procedures of the court."

Defendants failed to demonstrate that Attorney Bedder and Attorney Cade multiplied the proceedings in a vexatious and unreasonable manner. Thus, Defendants' alleged reasons are insufficient to sanction Attorneys Bedder and Cade to $54,808.95 in personal liability.

4

Defendants had to show that Plaintiff's conduct was "vexatious," meaning "lacking justification and intended to harass." *Overnite Transp. Co.*, 697 F.2d at 795 (defining "vexatious" as "lacking justification and intended to harass.") (internal citations omitted). Vexatious conduct can be demonstrated by subjective ill will or a reckless indifference to the law. *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184 (7th Cir. 1992). When there is a legal basis for a party's original position, even if the position was found legally incorrect, it cannot be characterized as "lacking justification." *Overnite Transp. Co.*, 697 F.2d at 795 (reversing district court and holding the district court abused its discretion when finding conduct was vexatious). Clients are entitled to zealous representation; not all meritless claims rise to the level of reckless indifference that warrants sanctions. *4SEMO.com Inc. v. S. Illinois Storm Shelters, Inc.*, 939 F.3d 905, 913 (7th Cir. 2019). And not all unreasonable conduct is vexatious, "[a] simple mistake or ordinary negligence" does not warrant sanctions. *Kotsilieris*, 966 F.2d at 1184.

Defendants failed to show that Attorney Bedder and Attorney Cade had a reckless indifference to the law or subjective ill will. Defendants' reasons are (1) Attorney Bedder had a purported "scheme" to invoke the relation back doctrine, (2) Attorney Bedder and Attorney Cade attempted to circumvent the consequences of their prior lack of due diligence, (3) Attorney Bedder invoked the discovery rule, and (4) Attorney Cade opposed their motion to stay. None of these instances show that counsel's conduct was vexatious and unreasonable—it did not rise to the type of conduct that shows a "serious and studied disregard for the orderly process of justice," or a "callous disregard for governing law or the procedures of the court." Therefore, sanctions should not be issued against Attorney Bedder and Attorney Cade, and the motion should be denied.

### 1. The evidence shows that Attorney Bedder did not enact a scheme to circumvent the statute of limitations when drafting the Amended Complaint.

Defendants first allege Attorney Bedder acted with subjective ill will or a reckless indifference to the law because Attorney Bedder allegedly had this elaborate scheme to invoke the relation back doctrine to circumvent the statute of limitations. *See, e.g.,* ECF No. 163, p. 6. Obviously, the Amended Complaint was not purposefully drafted to invoke the relation back doctrine as Plaintiff repeatedly stated that the relation back doctrine does not apply. *See* ECF Nos. 37 (Plaintiff's Brief in Opposition to Motion to Dismiss), at p. 9 and ECF No. 83 (Plaintiff's Brief in Opposition to First Motion for Summary Judgment) at p. 4-5. Defendants also contradict their allegations by admitting that Attorney Bedder argued both times that the doctrine did not apply. ECF No. 163, at p. 6. Defendants also acknowledge that Attorney Bedder repeated her genuine belief that Footprints and Jacobson's identities were unknown until 2023. ECF No. 163, at p. 6.

Attorney Bedder was not aware of the October 2020 open record documents until November 2024, so it would have been impossible for her to have had this scheme a year earlier in November 2023. *Bedder July 14 Decl.*, at ¶¶ 1, 9. Because Attorney Bedder genuinely believed that their identities were unknown, it is impossible for her to have had a scheme to use the relation back doctrine to circumvent the statute of limitations. Therefore, this alleged conduct is not only conclusory and unsupported but also does not sustain a claim of vexatiousness and unreasonableness.

### 2. Attorney Bedder had a genuine belief that records were not received prior to 2023.

Defendants' allegation that Attorney Bedder purposefully made "false claims" to this Court in response to the motion to dismiss is misguided. ECF No. 163, at p. 6-7.

Defendants rely on this Honorable Court concluding that "plaintiff would have discovered its claim against Footprints through the exercise of reasonable diligence well before November 10, 2022." ECF No. 160, at p. 20. Yet, Attorney Bedder was not plaintiff's counsel in November 2022. *Bedder July 14 Decl.*, at ¶ 1.

Although it was shown that there were records, Attorney Bedder genuinely believed that the medical records showing Patricia Jacobson's involvement were not in Plaintiff's possession until 2023 for a variety of reasons. *Id.*, at ¶¶ 2-9. For instance, when drafting and filing the Amended Complaint, those records were not uploaded to counsel's online matter system, which had recently changed platforms. *Id.*, at ¶ 5-7. Counsel does not have a physical office space, it is fully remote and all of our files are maintained on an online system database. *Id.*, at ¶ 2. If a physical copy of files are mailed to our address, someone has to upload them to the online system. *Id.*, at ¶¶ 3-4. Attorney Cade is the only person with access to the mail. *Id*. So, due to timing, other matters of concern, or a simple accident, if a document is not uploaded to the online system, it may appear that a document does not exist. *Id.*, at ¶ 4. And when Attorney Bedder consulted with Attorney Cade regarding Patricia Jacobson and Footprints' motion to dismiss, Attorney Cade genuinely did not remember receiving the records in the open records request that implicated Jacobson sometime in the fall of 2020. *Id.*, at ¶¶ 7, 9. Therefore, and because Plaintiff's counsel can reasonably and honestly explain any confusion, there is virtually no evidence of subjective ill will—it was an accident that the records were not in the online filing system.

Moreover, this case is materially different than Seventh Circuit precedent that upheld sanctions against an attorney for lying to the court. In *Vega v. Chicago Bd. of*

7

*Educ.*, a plaintiff's attorney was sanctioned under § 1927 for assaulting a defendant's attorney and making false statements to the court about it. 109 F.4th 948, 951 (7th Cir. 2024). There, the attorney initiated the encounter by swearing at a witness and then physically touching that witness. *Id*., at 956. At a hearing on the issue, the attorney lied to the court and said it was unintentional contact and an inadvertent brushing. *Id*. The Seventh Circuit agreed with the district court that the attorney knew her prior representations to the court were false because she was personally involved in the confrontation. *Id*., at 957.

Here, Attorney Bedder did not a make false representation in her declaration. She listed the discovery document progress as best she knew it. ECF No. 41 (Declaration of Madison Bedder dated January 10, 2024); *see also* ECF No. 163, at p. 2 ("[Plaintiff's brief in opposition to the motion to dismiss] was supported by the declaration of Madison Bedder that outlined the discovery history among Plaintiff and the co-defendants. Dkt. 41."). Attorney Bedder was not a lawyer until May 2023 and did not work for Cade Law Group in 2020. *Bedder July 14 Decl*., at ¶ 1. She had a genuine belief that there were not records in their possession that showed Jacobson's involvement, and she made arguments in the response brief accordingly. And that is also true for Footprints, as none of the records mentioned Footprints. Attorney Bedder's arguments in the brief do not rise to the level of subjective ill will or reckless indifference to the law. *4SEMO.com Inc.*, 939 F.3d at 913 (affirming denial of § 1927 sanctions because clients are entitled to zealous representation and not all meritless claims rise to the level of reckless indifference that warrants sanctions).

It was a genuine mistake that the documents were not uploaded to the online system. It was not premediated. It was not calculated. Without personal knowledge of the records being received in October 2020, Attorney Bedder could not have been trying to circumvent the consequences of counsel's prior lack of due diligence. Therefore, Attorney Bedder's conduct of alleging that Jacobson and Footprints identities were unknown until 2023 was not a product of subjective ill will or a reckless indifference to the law.

Interestingly, Defendants never informed counsel of their mistaken belief until they filed for summary judgment. Defendants could have (and were required to under Federal Rule of Civil Procedure 26) produce the documents to counsel prior to filing for summary judgment. Besides, once Attorney Bedder was alerted to the mistake, she stated she was unaware of the request. ECF No. 86 (Declaration of Madison Bedder filed December 12, 2024), at ¶¶ 11-12. Even if her conduct could be considered unreasonable through pure happenstance, it cannot be considered vexatious, i.e., a product of subjective ill will or a reckless indifference to the law. Therefore, this conduct cannot support a sanction award of $54,808.95 against Attorney Bedder and Attorney Cade. *See Pelishek v. City of Sheboygan*, No. 23-CV-1048, 2025 WL 325782, at *9 (E.D. Wis. Jan. 29, 2025) (denying sanctions under § 1927 despite attorney's "conduct could be fairly characterized as unreasonable," because the conduct was not vexatious).

### 3. Attorney Bedder and Attorney Cade did not make "false claims" in their brief in opposition to summary judgment.

Next, Defendants allege that Attorney Bedder's conduct of invoking the discovery rule shows vexatiousness, i.e., "subjective ill will" or a "reckless indifference to the law." But weak legal arguments are not the kind of vexatious, or reckless or "callous" "disregard

9

for governing law" that justifies the imposition of sanctions. *Allison v. Dugan*, 951 F.2d 828, 834 (7th Cir. 1992); *4SEMO.com Inc.*, 939 F.3d at 913.

Attorney Bedder cannot be sanctioned for making colorable arguments in legal briefs. Lawyers have an obligation to zealously represent his or her clients. *See Knorr Brake Corp.*, 738 F.2d at 227 (reiterating Congress' concerns "that [§ 1927] …in no way dampen the legitimate zeal of an attorney in representing his client," citing Conference Report, at 8); *4SEMO.com Inc.*, 939 F.3d at 913. Her conduct cannot be considered vexatious and unreasonable conduct simply because this Court disagreed with Plaintiff's legal position. *See id*. And Defendants never showed subjective bad faith or malice. *See In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985) (reasoning that when a legal is objectively colorable, then the party seeking sanctions must demonstrate subjective bad faith or malice to obtain sanctions). Moreover, Defendants failed to show to any "false claims" and failed to provide evidence that Attorney Cade's statements were false. Therefore, this cannot support sanctions because there is no malice or subjective bad faith on behalf on Attorney Cade and Attorney Bedder.

### 4. Attorney Cade's brief in opposition to Defendants' motion to stay did not vexatiously or unreasonably multiple the proceedings.

Finally, Defendants incorrectly allege that counsel's opposition to their stay was vexatious because it "unnecessarily extended" their involved in the proceedings because it subjected them to expert depositions. But this Honorable Court denied Defendants' motion to stay. Plaintiff had no control over the Court's decision to grant the stay. Therefore, Plaintiff cannot be sanctioned for vexatiously and unreasonably multiplying the proceedings when the alleged multiplication is based on conduct out of Plaintiff's

control—i.e., the proceedings were allegedly multiplied because Court denied the motion to stay.

Moreover, Defendants knew that Plaintiff's experts were not going to opine on Patricia Jacobson or Footprints in Time's involvement. Defendants allege, with no citation, that Plaintiff refused to excuse Defendants from the expert depositions. Yet Defense counsel never requested to be excused. Had Defense counsel asked Attorneys Bedder or Cade to be excused or to stipulate to the experts not opining on Jacobson and Footprints, they would have agreed as it was obvious the experts were not giving opinions on Defendants. Plaintiff's counsel never alleged they would give an opinion on Defendants. Therefore, Defendants failed to show that Attorney Cade opposition to the stay vexatiously and unreasonably multiplied the proceedings.

Because Defendants failed to show that Attorney Bedder and Cade acted unreasonably and her conduct showed a "serious and studied disregard for the orderly process of justice," or a "callous disregard for governing law or the procedures of the court," Defendants motion must be denied.

### b. Defendants failed to show that Attorney Bedder and Attorney Cade multiplied the proceedings in a vexatious and unreasonable manner.

Defendants must show that Attorneys Bedder and Cade, each, individually, multiplied the proceedings in a vexatious and unreasonable manner. Defendants failed to show that for two reasons. First, neither Attorney Bedder nor Attorney Cade acted vexatiously and unreasonably, and therefore, could not have vexatiously and unreasonably multiplied the proceedings. And second, neither filing a lawsuit nor responding to a party's motions is "multiplying the proceedings." Therefore, sanctions under § 1927 would be inappropriate.

### 1. There is no authority to award attorney's fees from the inception of this case as a sanction against Attorney Bedder and Attorney Cade.

It would be inappropriate to award attorney's fees from the inception of this case as a sanction against Attorney Bedder and Attorney Cade. Because sanctions awarded under § 1927 are to be paid by the lawyer, who must "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct," *Perry*, 872 F.3d at 463, the sanctions award must be related specifically to the sanctionable conduct. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 109, 137 S. Ct. 1178, 197 L. Ed. 2d 585 (2017) ("The complaining party [ ] may recover' only the portion of his fees that he would not have paid but for' the misconduct.") (internal citations omitted).

When considering whether an attorney "multiplied the proceedings," the court must find that the attorney "engage[d] in dilatory litigation practices" or delayed the case. *Feehan*, 2022 WL 3647882, at *7, citing *Overnight*, 697 F.2d at 794. When it is claimed that an attorney multiplied the proceeding by filing a lawsuit, there must be more to support a fee award than the filing of the lawsuit and its subsequent dismissal. *Id*. There must be intentional misconduct that is in disregard for the orderly process of justice. *Id*. The court must find that the attorney intentionally filed a claim that lacks a plausible legal or factual basis. *Freehan*, 2022 WL 3647882, at *7 (collecting cases) (internal citations omitted). And there must be some degree of culpability on part of the attorney a party seeks to sanction. *Knorr Brake Corp.*, 738 F.2d at 227 (holding that the "rule permitting the imposition of attorneys' fees only where the attorney intentionally acts without a plausible basis is proper.").

Defendants failed to prove that Attorney Bedder had any degree of culpability and engaged in intentional misconduct that was in disregard for the orderly process of justice.

12

As shown above, Attorney Bedder genuinely believed Jacobson and Footprints identities were unknown until 2023. *Bedder July 14 Decl.*, at ¶¶ 2-9. And Attorney Bedder has consistently said that she was unaware of the October 2020 open records request. ECF No. 86, at ¶ 11. There is no evidence that Attorney Bedder or Attorney Cade intentionally tried to circumvent the statute of limitations. The evidence shows that Attorney Bedder was a first-semester law student when the open records request documents were received by Cade Law Group. *Bedder July 14 Decl.*, at ¶ 1. Attorney Bedder had not even worked at Cade Law Group at the time. *Id*. Without any sort of personal knowledge that these documents identified Jacobson and Footprints, Attorney Bedder could not have had the requisite state of mind that warrants sanctions under § 1927. Therefore, fees from the inception of the case are inappropriate and Attorney Bedder's conduct does not warrant sanctions.

> **2. There is no precedent permitting an award of attorney's fees from the inception of the case, or $54,800+, as a sanction against Attorney Bedder or Attorney Cade.**

Defendants cited no authority for the legal standard that attorney's fees from the inception of the case are appropriate in this case. Defendants rely on *Lightspeed Media Corp. v. Smith*, for the proposition that fees from the inception of this suit are appropriate only for baseless claims.[1] 761 F.3d 699 (7th Cir. 2014). But *Media Corp*. is inapplicable here.

---

[1] A "baseless claim" is a claim "without a plausible legal or factual basis <u>and</u> lacking in jurisdiction." *Int'l Union of Operating Eng'rs, Loc. 150, AFL-CIO v. Nat'l Lab. Rels. Bd.,* 109 F.4th 905 (7th Cir. 2024), citing *Mullen*, 91 F.4th at 1254 (7th Cir. 2024) (quoting *Lightspeed Media Corp.*, 761 F.3d at 708) (emphasis added).

13

In *Media Corp*., the district court ordered sanctions under § 1927 because it found the plaintiff's attorneys engaged in "abusive litigation ... simply filing a lawsuit to do discovery to find out if you can sue somebody. That's just utter nonsense." 761 F.3d at 709. Specifically, the district court found that the suit was filed against a Jane Doe, 6,000+ unknown co-conspirators. *Id*., 702. The plaintiff used IP addresses to "identify" 6,000+ unknown co-conspirators. *Id*. The plaintiff requested a subpoena to the IP addresses' service provider; it alleged this subpoena would help it name the unknown co-conspirators. *Id*. The Illinois Supreme Court rejected its request for the subpoena. *Id*.

The alleged misconduct occurred when the case was removed to federal court and the plaintiff filed an amended complaint. The plaintiff added unidentified corporate representatives of the service providers as co-conspirators because they refused to comply with a subpoena that was quashed. *Id*. The amended complaint also identified the original Doe defendant. *Id*., at 703. Then the plaintiff ignored the Illinois Supreme Court and issued new subpoenas seeking personally identifiable information of the purported 6,600 unidentified co-conspirators. *Id*. Plaintiff also filed an emergency motion for a hearing to compel the service provider to produce information on the co-conspirators. *Id*.

Additionally, three plaintiff's attorneys identified their firms as three separate ones to conceal that they worked for the same firm. *Id*. At the same time as this case, another court in an unrelated case found that the three plaintiff's attorneys deceived courts and their "representations about their operations, relationships, and financial interests have varied from feigned ignorance to misstatements to outright lies. But this deception was calculated so that the Court would grant [their] early-discovery requests, thereby allowing

[them] to identify defendants and exact settlement proceeds from them." *Id*. (internal citations omitted).

The district court then entered sanctions against the three attorneys and awarded attorney's fees from the inception of the case to the service provider and the identified Jane Doe. Id., at 709. The court did this because it found that the litigation "smacked of bully pretense" and they were engaged in "abusive litigation ... simply filing a lawsuit to do discovery to find out if you can sue somebody. That's just utter nonsense." *Id*. The Seventh Circuit affirmed.

Here, Attorney Bedder and Attorney Cade's conduct did not rise to the level of the attorneys' haphazard behaviors in *Media Corp*. Attorney Bedder and Attorney Cade did not engage in "abusive litigation," which is seemingly required to be found for attorney's fees from the inception of the case. Attorneys Bedder and Cade did not deliberately defy court orders. They did not file this lawsuit to see if they could sue somebody. They did not deceive courts in a calculated manner to obtain early discovery processes. Attorney Bedder and Attorney Cade's conduct is not the same as the attorneys in *Media Corp*. Therefore, based on Media Corp., it would be improper to award attorney's fees from the inception of the case as a sanction pursuant to § 1927 against Attorney Bedder and Attorney Cade. This Court should deny the motion.

### c. Actual prejudice is not a proper consideration and must be ignored.

Finally, Defendants allege that they suffered actual prejudice so they must be awarded attorney's fees from the inception of the case. However, Defendants cite to no legal authority establishing that actual prejudice is a consideration. Therefore, this Court

should not consider any actual prejudice a party may have suffered, and Defendants' motion must be denied.

## II. This Court does not have authority to award attorney's fees as a sanction pursuant to its inherent authority.

To sanction a party under a district court's inherent authority, a court must find that the party "willfully abused the judicial process or otherwise conducted litigation in bad faith." *Mullen v. Butler*, 91 F.4th 1243, 1254 (7th Cir. 2024) (internal citations omitted). The standard for imposing sanctions under the court's inherent authority is similar to § 1927: the court must find that the party to be sanctioned "willfully abused the judicial process or otherwise conducted litigation in bad faith." *Vega*, 109 F.4th at 956, citing *Fuery*, 900 F.3d at 463. To invoke its inherent sanctions authority, the court must first make a finding that the sanctioned party engaged in bad faith to obstruct the judicial process or bring about the violation of a court order. *Id*.

Defendants failed to show that Attorney Bedder engaged in bad faith to obstruct the judicial process or bring about the violation of a court order. Moreover, Defendants failed to show the same for Attorney Cade. Therefore, Defendants motion should be denied.

## III. This Court should award Plaintiff attorney's fees and costs as a sanction pursuant to § 1927 because Attorney Poje vexatiously and unreasonably multiplied the proceedings.

Attorney Poje vexatiously and unreasonably multiplied the proceedings. And because of that conduct, these proceedings were unnecessarily multiplied in the form of unnecessary briefs and motions for summary judgment, responses to proposed findings of fact, motions to strike, and filings not permitted by the above-mentioned rules and

orders. Therefore, this Court should grant Plaintiff's motion for sanctions pursuant to § 1927.

Attorney Poje's repeated conduct shows a callous disregard for this Court's governing rules and procedures, as well as the Federal Rules of Civil Procedure. The lack of following this Court's orders and the Federal Rules of Civil Procedure are enough to establish vexatious and unreasonable conduct. *Cooper*, 42 F.4th at 698 (finding a "callous disregard for governing law or the procedures of the court," permits sanctions); *Kotsilieris*, 966 F.2d at 1184–85 (finding Seventh Circuit upheld § 1927 sanctions when counsel otherwise showed indifference to statutes, rules, or court orders.). Sanctions under § 1927 are justified for conduct that shows a "callous disregard for governing law or the procedures of the court," *Cooper*, 42 F.4th at 698, citing *Allison*, 951 F.2d at 834. "Playing ostrich to avoid compliance with [court] rules and court orders constitutes indifference for these rules and orders, and, even if not intentional, such indifference goes beyond ordinary negligence[,]" and may subject an attorney to sanctions under § 1927. *Kotsilieris*, 966 F.2d at 1185.

Here, Attorney Poje repeatedly defied and disregarded this Court's governing rules and the Federal Rules of Civil Procedure. This Honorable Court warned Attorney Poje that he had a "fundamental obligation" to understand the court's expectations and know the rules and procedures. ECF No. 129. Despite this warning, Attorney Poje repeatedly defied this Court's written rules and procedures. *See e.g.*, ECF No. 83, at p. 12-13, ECF No. 124, and ECF No. 153.

There are multiple instances of Attorney Poje callously disregarding this Court's rules and procedures. In December 2024, Attorney Poje defied Federal Rule of Civil

Procedure 26. ECF No. 83, at p. 12. Under Federal Rule of Civil Procedure 26, Footprints and Jacobson were required to provide the Estate with a copy (or description) of all documents, electronically stored information, and tangible things that they planned on using to support its statute of limitations defense. Fed. R. Civ. P. 26(a)(1)(A)(ii). Proper disclosures were supposed to be made without waiting for a discovery request and within 30 days of being joined as a party to this litigation. Fed. R. Civ. P. 26(a)(1)(A), (D). Attorney Poje never produced a single document pursuant to Federal Rule of Civil Procedure 26. Attorney Poje never produced the documents he relied on in his summary judgment motion prior to filing his First Motion for Summary Judgment. *Bedder Decl. filed December 12, 2024* (ECF No. 86), at ¶¶ 11-12.

Three months later, in February 2024, Attorney Poje callously disregarded this Honorable Court's rules and procedures. Attorney Poje filed a second summary judgment motion without leave of court. ECF No. 124. The court stated

> This court's rule limiting each party to one motion for summary judgment is a longstanding one that the court guards carefully. It requires the parties to be focused and disciplined. And it protects the court's docket from becoming unruly with serial filings. Defendants must show cause to have their second motion accepted.

ECF No. 126. After Defendants responded to plaintiff's motion, the court concluded that

> The response defendants provided does little to advance their position. **Defendants primarily cast blame on plaintiff, and even the court, for not advising them of the procedures that are plainly posted on the docket.** Even though defendants were added to the case after the original preliminary pretrial conference order issued, that does not excuse them from the fundamental obligation of reviewing the existing docket to understand the court's expectations for the case. And even though the case deadlines may have been reset as the case progressed, those resets only applied to the dates in the original order, not the order itself. The order, its rules, and its accompanying procedures were always and still are in effect. Had there been any confusion or ambiguity, defendants need only have requested clarification. Defendants' protests are not well taken. . .So, while defendants' second motion for summary judgment was ill advised, and the

18

> offered excuses even less so, the court will DENY plaintiff's motion to strike and RESET the briefing schedule.

ECF No. 129 (emphasis added). Although the Court permitted a second summary judgment motion, it found that Attorney Poje disregarded this Honorable Court's rules and procedures that were "plainly posted on the docket." *Id*.

Although Plaintiff had hyperlinked this Court's rules and procedures in its prior motion to strike and response, *see* ECF No. 124 and 128 at n. 1; and the rules were "plainly posted on the docket," ECF No. 129; two months later, Attorney Poje callously disregarded this court's rules and procedures *again* in April 2024. ECF No. 153. Attorney Poje filed a "Supplemental Proposed Findings of Fact" and raised new arguments for the first time in reply. *Id*. Attorney Poje disregarded this Court's rule that obligated him to state "all facts necessary to sustain [their] position on a motion for summary judgment" when they moved for summary judgment. *See* ECF No. 153, p. 4-5. In responding to Plaintiff, Attorney Poje cited the incorrect rules—further showing that Attorney Poje's utter disregarded the governing law and rules. It does not matter that the Court granted summary judgment. The purpose of § 1927 is to prevent and deter attorneys from engaged in behaviors that mirror Attorney Poje's.

Therefore, these instances show a deliberate, callous disregard not only for this Court's governing rules and procedures, but also the Federal Rules of Civil Procedure. Because it shows a callous disregard for governing law or the procedures of the court, this Court should award Plaintiff attorney's fees in having to respond to Defendant's First Motion for Summary Judgement and Second Motion for Summary Judgment (including all proposed findings of facts), and both motions to strike.

**CONCLUSION**

The Court should DENY Defendants Footprints and Jacobson's Motion for Sanctions pursuant to § 1927 because (1) Defendants failed to show that Attorney Bedder and Attorney Bedder acted in subjective or objective bad faith, (2) Defendants failed to show that Attorney Bedder and Attorney Bedder vexatiously and unreasonably multiplied the proceedings, and (3) Defendants failed to show that an award of attorney's fees from the inception of this case, as a sanction, is warranted.

This Court also should GRANT Plaintiff's Cross Motion for Sanctions and issue an order sanctioning Attorney Poje.

| | |
|---|---|
| Dated this 14th day of July, 2025 | **CADE LAW GROUP LLC**<br><br>By: */s/ Madison Bedder*<br>Nathaniel Cade, Jr. SBN: 1028115<br>Annalisa Pusick SBN: 1116379<br>Madison Bedder SBN: 1121996<br>P.O. Box 170887<br>Milwaukee, WI 53217<br>(414) 255-3802 (phone)<br>(414) 255-3804 (fax)<br>nate@cade-law.com<br>annalisa@cade-law.com<br>madison@cade-law.com<br><br>Attorneys for Plaintiff |